## Case No. 16,045.

### UNITED STATES v. PICO.

[Hoff. Dec. 65.]

District Court, N. D. California.  May 20, 1862.

MEXICAN LAND GRANTS—EVIDENCE TO ESTABLISH.

[The only papers in relation to a claim consisted of a grant of June 6, 1846, and a certificate of approval by the departmental assembly on June 15, 1846. These papers were produced from the possession of the claimant, and the governor's signature thereto was different from that used by him on other documents of about the same date. The only papers produced from the archives was a communication signed by a deputy secretary of the assembly, informing the secretary of state that the grant was approved on July 15th. This communication was on a detached sheet, which could easily have been placed in the surveyor general's office by fraud. The journal of the assembly showed that the grant was not approved on the day mentioned in the communication. There was no evidence of occupation, or that the existence of the grant was known until after the conquest. Held, that the claim must be rejected.]

HOFFMAN, District Judge.  The claim in this case was confirmed by this court [Case No. 11,129], but with much hesitation and grave suspicions as to its genuineness. On appeal to the supreme court that decree was reversed, and the cause remanded for further evidence. [22 How. (63 U. S.) 406.] It is apparent from the opinion of the court that the further evidence contemplated was either that derived from the archives, or secondary evidence from those records which the court has declared it will require. No such testimony has been given. The only additional evidence has been that of Pico. But he merely testifies to the genuineness of his signature. and that merely from the fact of seeing them on the documents, and not from any recollection of having made the grant. The only papers produced are the grants dated June 6, 1846, and a certificate of approval by the departmental assembly, dated June 15, 1846. Both of these are produced from the custody of the claimants. There is also produced a communication, signed "Botello, Deputy Secretary of the Assembly," addressed to "Moreno, Secretary of State," in which he informs the latter that the grant was, with two others, approved on the 15th July. With the exception of this communication, the archives contain no trace of the existence of this. There is no expediente; no petition or informes; no note of it "in the corresponding book"; no borrador of the title delivered to the party, nor any allusion to the grant in any document or record whatsoever. The communication

signed "Botello," is on a detached sheet of paper, which could readily have been placed among the numerous documents in the surveyor general's office at any time previous to 1858, when they were collected and bound up in books. In the case of U. S. v. Limantour [Case No. 15,601], it was shown that the introduction of a fraudulent expediente into the archives was by no means impracticable.

But there are objections to this document. (1) The handwriting evidently differs from that of Botello contemporaneous with its date. (2) It conflicts with the certificate of approval signed by Pio Pico. One states the approval to have been given on the 15th June, the other on the 15th July. (3) At the date given by Botello, the journals of the assembly show there was no session of that body. (4) That this could not have been a clerical error, by which July 15th was substituted for June 15th, is shown by the record of the proceedings of June 15th signed by Botello himself. The record shows that on the 16th June the assembly was in session; that it transacted various business; that no proceedings with reference to this grant were had; and that, "there being no other business, the assembly adjourned." It thus appears that not only is there no archive evidence whatsoever of the existence of this grant, but that those records afford positive proof that a part at least of the alleged proceedings with regard to it could not have been had. Under the rulings of the supreme court, this objection alone would be an insuperable obstacle to the confirmation of the claim. U. S. v. Luco, 23 How. [64 U. S.] 543; U. S. v. Castro, 24 How. [65 U. S.] 346. There are other objections which are equally fatal: (1) The signatures of Pico are in his later style, differing essentially from all the signatures, with two exceptions, which appear on the very numerous documents signed by him during his official career. (2) There seems to have been no possession or occupation of the land, nor any evidence that the existence of the grant was known or suspected until subsequently to the American occupation. Neither could, therefore, under the colonization laws, have received a grant for more than one additional league. The grant was made, if at all, in June, about a month previous to the capture of Monterey. It was made without informes, and apparently without taking any of the steps required by the colonization laws. It had never been acted on, up to the conquest of the country; nor, so far as appears, had the land been even visited by the grantee. Supposing the grant to be genuine, it was evidently not made in the just exercise of the governor's powers, or with any idea of carrying out the policy of the colonization laws. In the language of the supreme court: "Besides the suspicious character of the grant, it appears to be wholly destitute of merit." [22 How. (63 U. S.) 406.] The claim must be rejected.